IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARTHA LEE GRANATO AND     )
RICHARD A. GRANATO, AS     )
TRUSTEE FOR MARTHA LEE     )
GRANATO,                   )
                           )
            Plaintiffs,    )
                           )        NO. SA-13-CV-417-DAE
vs.                        )
                           )
DEUTSCHE BANK NATIONAL     )
TRUST COMPANY, AS TRUSTEE  )
FOR LONG BEACH MORTGAGE    )
LOAN TRUST 2003-2,         )
                           )
            Defendant.     )
_____  )

ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS; (2) TO
SHOW CAUSE WHY PLAINTIFFS' COUNSEL SHOULD NOT BE
<u>SANCTIONED</u>

Before the Court is a Motion to Dismiss filed by Deutsche Bank

National Trust Company ("Defendant").  (Dkt. # 4.)  Plaintiffs did not file a

Response.  The Court heard argument on October 28, 2013.  Ryan D. V. Greene,

Esq., appeared on behalf of Defendant.  Plaintiffs did not appear.  Based on the

supporting memorandum, the Court **GRANTS** Defendant's Motion to Dismiss.  The

Court also **ORDERS** Plaintiffs' counsel to show cause why he should not be

sanctioned for the reasons given herein.

1

BACKGROUND

On or about January 31, 2003, David Ortiz and Sylvia Ortiz ("Borrowers") purchased residential property located at 118 Springwood Lane, San Antonio, Texas 78216 (the "Property"). (Dkt. # 1 at 16 ¶ 6.) To finance the purchase, Borrowers secured three mortgages. (Id.) Borrowers secured a first mortgage through Long Beach Mortgage Company in the amount of $82,400. (Dkt. # 4, Ex. 2.) Borrowers signed a Deed of Trust securing that amount on the Property. (Id.) Borrowers secured a second and third mortgage from Plaintiff Mary Lee Granato for $15,450 and $5,000 respectively. (Dkt. # 1 at 16 ¶ 6.) According to Plaintiffs, the deeds of trust for the second and third mortgages were properly recorded in the property records of Bexar County. (Id.)

On December 29, 2004, the Deed of Trust between Borrowers and Long Beach Mortgage Company was assigned to Defendant. (Dkt. # 4, Ex. 3.)

On or about March 21, 2013, one of the Borrowers transferred the Property via Special Warranty Deed to the 118 Springwood Lane Land Trust without the permission or knowledge of Plaintiffs. (Dkt. # 1 at 16 ¶ 6.) According to Plaintiffs, this sale of the Property triggered the due-on-sale clauses, which accelerated the notes on the second and third mortgages. (Id.)

Sometime thereafter, Borrowers defaulted on both Defendant's loan and Plaintiffs' loans. Defendant scheduled a foreclosure sale of the Property for

May 7, 2013.  (<u>Id.</u> ¶ 8.)  Plaintiffs learned of the foreclosure sale on May 3, 2013.

(<u>Id.</u> ¶ 6.)  On May 7, 2013, the day of the scheduled foreclosure, Plaintiffs filed an

Original Petition and Application for Temporary Restraining Order in the 438th

Judicial District Court in Bexar County.  (Dkt. # 1 at 14–18.)  The 438th District

Court granted Plaintiffs' Application for Temporary Restraining Order.  (<u>Id.</u> at 9–

10.)  Defendant subsequently filed a Notice of Removal on May 20, 2013.  (Dkt. # 1

at 1–5.)

<u>LEGAL STANDARD</u>

Defendant relies exclusively on Federal Rule of Civil Procedure

12(b)(6) in support of its Motion to Dismiss.  Rule 12(b)(6) authorizes dismissal of a

complaint for "failure to state a claim upon which relief can be granted."  Review is

limited to the contents of the complaint and matters properly subject to judicial

notice.  <u>See</u> <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007).

In analyzing a motion to dismiss for failure to state a claim, "[t]he court accepts 'all

well-pleaded facts as true, viewing them in the light most favorable to the

plaintiff.'"  <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 205 (5th Cir. 2007)

(quoting <u>Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit</u>, 369 F.3d 464, 467

(5th Cir. 2004)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must

plead "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl.</u>

<u>Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Twombly, 550 U.S. at 555–56. In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotations and citations omitted). Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558 (citation omitted). However, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. Great Plains Trust Co. v.

<u>Morgan Stanley Dean Witter & Co.</u>, 313 F.3d 305, 329 (5th Cir. 2002).

<u>DISCUSSION</u>

I.      <u>Local Rule 7(e)(2)</u>

      The Court first notes that pursuant to Local Rule 7(e)(2), "[i]f there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." W.D. Tex. Civ. R. 7(e)(2). Plaintiffs never filed a Response, let alone within the fourteen days permitted by the local rule. Nevertheless, the Court will independently examine the merits of Defendant's Motion to Dismiss.

II.     <u>Defendant's Motion to Dismiss</u>

      Plaintiffs' sole claim is for a breach of the Deed of Trust. (Dkt. # 1 at 16 ¶ 7.) Plaintiffs' claim reads:

<u>Breach of Deed of Trust</u>

> Defendant failed to give notices of acceleration and notice of foreclosure sale in violation of the deed of trust. Such failure constitutes a defect in the foreclosure sale. Plaintiffs, who have an equitable interest in the Property, are secured creditors as per the attached deeds of trust. Plaintiffs were never notified by either Defendants or the property owners as to any defects, notices of accelerations and notice of foreclosure. Plaintiffs remain ready, willing and able to pay any and all debts claimed by Defendant which are owed on the Property, after proper credits and offsets. Plaintiffs have been injured due to Defendant's wrongful actions.

(<u>Id.</u>)

5

Although Plaintiffs' claim is framed as one cause of action, the Court is unsure whether Plaintiffs assert that Defendant violated an independent duty to provide notice to Plaintiffs or that Defendant breached the promises made in the Deed of Trust between the Borrowers and Defendant.  In light of this lack of clarity, the Court will address each of Plaintiffs' purported claims in turn.

A.      Standing to Assert Breach of the Deed of Trust

Defendant argues that under the first reading of Plaintiffs' cause of action—whereby Plaintiffs claim that Defendant failed to give notices of acceleration and notice of foreclosure sale—Plaintiffs do not have standing to enforce the terms of the Deed of Trust because they were not a party to it.

There appears to be a split of authority regarding whether junior lienholders have standing to challenge a senior lienholder's foreclosure.  In United States v. Palmer, the Fifth Circuit considered whether the guarantors of a second mortgage could attack the foreclosure sale by the primary mortgagee.  578 F.2d 144, 145 (5th Cir. 1978).  Noting that its research did not reveal any cases on point, the court deferred to the general rule that only the "'mortgagor or those claiming him in privity,' or those primarily liable for the payment of the mortgage debt or any deficiency, can attack the foreclosure sale." Id. at 146 (quoting Annot., 143 A.L.R. 528 (1943); 3 Jones on Mortgages § 2138 (8th ed. 1928); 2 Wiltsie on Mortgage Foreclosures § 746 (5th ed. 1939)).  The court concluded that "[o]ne who is neither

the primary mortgagor nor its privies, nor in any way personally liable on the

primary mortgage debt, has no standing to complain of defects in the foreclosure of

the primary mortgage." Id.

On the other hand, several Texas appellate cases have expanded the

"privity" requirement for standing so that a party need not necessarily be a party to

the deed of trust to have standing to challenge the foreclosure.  In Long v.

NCNB-Texas National Bank, the Court of Appeals of Texas addressed the evolution

of the doctrine regarding standing to challenge a foreclosure sale:

> Historically, standing to insist upon the note maker's prerogative of
> personal notice of the foreclosure sale required privity of estate with the
> note maker . . . .  Modem cases have expanded the class of parties with
> standing to dispute the validity of the foreclosure sale by adopting a
> more liberal attitude toward this privity requirement.  Under the current
> approach, the [plaintiff] need only have established a property interest
> in the deed of trust realty to impute a flaw . . . .

882 S.W.2d 861, 867 (Tex. App. 1994).  As the Supreme Court of Texas

summarized, "[W]hen the third party has a property interest, whether legal or

equitable, that will be affected by such a [foreclosure] sale, the third party has

standing to challenge such a sale to the extent that its rights will be affected by the

sale."  Goswami v. Met. Sav. & Loan Ass'n, 751 S.W.2d 487, 489 (Tex. 1988).

But not all junior lienholders will be "affected by the sale" such that

they have standing to challenge the foreclosure.  Rather, whether a plaintiff has

standing depends on whether the plaintiff's challenge to the foreclosure would

render the foreclosure void or voidable.  See Elbar Inv., Inc. v. Wilkinson, No. 14-99-00-297-CV, 2003 WL 22176624, at *2 (Tex. App. Sept. 23, 2003).  In Elbar, the court relied on the aforementioned general rule that "only the mortgagor or parties in privity with the mortgagor may contest the validity of a foreclosure sale under the mortgagor's deed of trust."  Id. (citing Estelle v. Hart, 55 S.W.2d 510, 513 (Tex. Comm'n App. 1932)).  Assuming a junior lienholder lacked the requisite privity, the court concluded: "A subsequent purchaser or junior lienholder may collaterally attack the sale only if it is entirely void.  A party having no privity with the mortgagor may not complain of irregularities that would render the sale merely voidable, including complaints regarding the manner of notice."  Id. (citations omitted).[1]

Twenty-five years earlier, the Supreme Court of Texas applied reasoning similar to that applied in Elbar Investments.  See Am. Savings & Loan Ass'n of Houston v. Musick, 531 S.W.2d 581, 586 (Tex. 1975).  In Musick, a senior lienholder argued that a junior lienholder did not have standing to challenge the

---

[1]    The Court notes that the void/voidable distinction for a third-party to have standing to challenge the foreclosure based on an alleged breach of a deed of trust comports with the void/voidable distinction for a third-party to have standing to challenge the assignment of a promissory note as discussed in Reinagel v. Deutsche Bank National Trust Co., 722 F.3d 700, 705 (5th Cir. 2013).  In Reinagel, the Fifth Circuit held that under Texas law, an obligor does not have standing to defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor but that the obligor may defend on any ground which renders the assignment void.  Id.

trustee's sale because it was not a party to the deed of trust.  Id.  The court construed Estelle, 55 S.W.2d at 513, as holding that "a junior lienholder has standing to show the invalidity of a trustee's sale because his interest in the property is affected by such a sale."  Id. (emphasis added).

Harmonizing Long, Elbar Investments, and Musick, this Court is persuaded that there are two requirements for a junior lienholder to have standing under Texas law: (1) the junior lienholder, though not a party to the deed of trust, must have an interest in the property that would be affected by a foreclosure sale[2]; and (2) the junior lienholder's challenge to the foreclosure sale must render the foreclosure sale void (or "invalid")—not merely voidable.  See Estelle, 55 S.W.2d at 513 ("It is perfectly plain, therefore, that a junior lienholder has an interest in the subject-matter of such a sale to the extent, at least of his rights in the property sold, and, to say the least, is entitled to show the improper exercise of the power of sale, and thus show the invalidity of the sale to cut off his rights." (emphases added)).

In this case, the first part of the standing inquiry is satisfied.  Plaintiffs possess two junior mortgages on the Property.  Plaintiffs recorded both mortgages.

---

[2]     A junior lienholder will almost always have an "interest" in the property that would be affected by the foreclosure by its very status as a lienholder.  But the Court can envision at least one scenario where a junior lienholder's interest may become extinguished and thus not be affected by the foreclosure sale.  See Tex. Prop. Code § 13.001 (extinguishing lienholder's interest if the real property is conveyed without notice, unless the instrument memorializing the lienholder's interest is properly recorded).

As such, the Court finds that Plaintiffs have an interest that would be affected by the foreclosure sale by Defendant.

The second part of the standing inquiry asks whether Plaintiffs' challenge would render the foreclosure sale void or voidable.  Plaintiffs argue that they were entitled to notice of Defendant's foreclosure and that this lack of notice precludes the foreclosure sale.

Texas law clearly states that a junior lienholder is not entitled to notice of a foreclosure by a senior lienholder.  Jones v. Bank United of Tex., FSB, 51 S.W.3d 341, 344 (Tex. App. 2001) ("In Texas, a junior incumbrancer or inferior lienholder is not entitled to notice of a foreclosure by a prior incumbrancer or senior lienholder." (citing Chandler v. H.W. Orgain, 302 S.W.2d 953, 956 (Tex. Civ. App. 1957) (explaining that the superior lienholder "owes no duty to the holder of a second lien, regardless of how it was acquired by the junior lienholder," and noting that, although the first lienholder "may know of the existence of another lien, that fact alone places no obligation upon him to give notice of foreclosure proceedings"); Hampshire v. Greeves, 143 S.W. 147, 150 (Tex. 1912) (holding that there is no duty on a holder of a prior mortgage or deed of trust to notify a junior lienholder of his intention to sell the property at a foreclosure sale)); Elder v. Calvery Credit Corp., 14-96-00099-CV, 1997 WL 528990, at *3 (Tex. App. Aug. 28, 1997) ("There is no Texas authority for imposition of a trustee's duty under a deed of trust to any third

10

party, including a junior lienholder.  A substitute trustee owes no duty to a junior

lienholder, not even a duty to send notice of a foreclosure sale.  There is no

requirement even that personal notice be given to any persons who were not parties

to the deed of trust." (citing Musick, 531 S.W.2d at 588)); see also Herbert v.

Denman, 44 S.W.2d 441,443 (Tex. Civ. App. 1931) ("[I]t is well settled that a sale

by a trustee under the powers conferred by the deed of trust cuts off all right, title, or

equities of a junior lienholder without notice of the sale." (emphasis added)).

   Because Texas law plainly does not require notice to junior lienholders

like Plaintiffs, any challenge to the Deed of Trust based on the lack of notice to

Plaintiffs would not be a basis to challenge the foreclosure sale.  Accordingly,

Plaintiffs' challenge would not render the foreclosure sale void, and Plaintiffs do not

have standing to challenge the foreclosure sale.

  B.  <u>Plaintiffs Fail to State a Claim for Relief</u>

   Even assuming Plaintiffs have standing, Plaintiffs' Complaint does not

state a cognizable legal theory.  See Alcala v. Tex. Webb Cnty., 620 F. Supp. 2d

795, 801 (S.D. Tex. 2009) (holding that dismissal can be based on a lack of a

cognizable legal theory).

   As discussed above, Defendant does not have a statutory duty to notify

Plaintiffs of the pending foreclosure sale.  See Jones, 51 S.W.3d at 344.  Moreover,

Defendant does not have a contractual duty to notify Plaintiffs of the pending

foreclosure.  The Deed of Trust does not require that any notices be sent to junior lienholders such as Plaintiffs.  Paragraph fourteen of the Deed of Trust discusses notices from the mortgagee to Borrowers, but does not mention notice to any other party.  (Dkt. # 4, Ex. 2 at 4–5 ¶ 14.)  Likewise, paragraph twenty-one of the Deed of Trust states that "Lender shall give notice <u>to Borrower</u> prior to acceleration," and "Lender shall mail a copy of the notice of sale <u>to Borrower</u> in the manner prescribed by applicable law."  (<u>Id.</u> at 5 ¶ 21 (emphases added).)  The Deed of Trust does not name any other required recipient.  Per the terms of the Deed of Trust, Defendant did not have a duty to give Plaintiffs notice of foreclosure.  Therefore, there was no breach of the Deed of Trust.

Because Defendant did not have a statutory or contractual duty to give notice to Plaintiffs, Plaintiffs fail to state a claim for relief.

C.      <u>Plaintiffs Cannot Assert Borrowers' Right to Notice</u>

As noted above, the Court is unsure whether Plaintiffs are attempting to enforce the notice requirement on behalf of Borrowers.  If that is indeed Plaintiffs' cause of action, Plaintiffs' claim fails.

Texas Property Code § 51.002(b), the relevant statute governing notice to debtors, states that the

> notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by:

(1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold;

(2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and

(3) serving written notice of the sale by certified mail <u>on each debtor</u> who, according to the records of the mortgage servicer of the debt, <u>is obligated to pay the debt</u>.

Tex. Prop. Code § 51.002(b) (emphases added).  But to be clear, "an inferior lienholder does not have the same rights to foreclosure notice as a mortgagee." <u>Jones</u>, 51 S.W.3d at 344.

In any event, "[i]t is a fundamental rule of [Texas] law that only the person whose primary legal right has been breached may seek redress for an injury." <u>Nobles v. Marcus</u>, 533 S.W.2d 923, 927 (Tex. 1976).  Plaintiffs can only seek redress of an injury to their legal rights, and Plaintiffs, as junior lienholders, did not have a right to notice under Texas law.  <u>See</u> <u>Jones</u>, 51 S.W.3d at 344.

D.    <u>Constitutional Issues</u>

Though the Court finds that Plaintiffs lack standing and lack a cognizable legal theory, the Court makes one final observation.  Plaintiffs' Complaint is devoid of any constitutional claims; however, in <u>USX Corp. v. Champlin</u>, the Fifth Circuit concluded that due process under the Fourteenth Amendment required that the second mortgagee, Champlin, be given notice of

13

foreclosure sale by USX.  992 F.2d 1380, 1384–85 (5th Cir. 1993).  The court first looked to <u>Mennonite Board of Missions v. Adams</u>, 462 U.S. 791, 800 (1983), which held that "[n]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interest of any party, whether unlettered or well-versed in commercial practice, if its name and address are reasonably ascertainable." <u>USX Corp.</u>, 992 F.2d at 1384 (quoting <u>Mennonite Bd. of Missions</u>, 462 U.S. at 800). According to the Fifth Circuit, <u>Mennonite</u> concluded that "due process entitles a mortgagee with a recorded mortgage to actual notice of a tax sale." <u>Id.</u> (citing <u>Mennonite Bd. of Missions</u>, 462 U.S. at 800).  Applying <u>Mennonite</u>, the Fifth Circuit held that "Champlin's interest, even though terminable by foreclosure of the superior loan[,] was sufficient to trigger due process." <u>Id.</u> at 1385.  Despite the fact that Louisiana law did not entitle Champlin to notice of foreclosure, the court held that the Fourteenth Amendment did require USX to notify Champlin.  <u>Id.</u>

Here, Plaintiffs' Complaint did not mention any constitutional infirmity, and thus the Court need not decide this issue.  But in an abundance of caution, the Court notes that Plaintiffs did have actual notice of the pending foreclosure sale.  According to Plaintiffs' pleadings in state court, Plaintiffs learned of the pending foreclosure on May 3, 2013—<u>before</u> the sale. (Dkt. # 1 at 16 ¶ 6.) The Court assumes without deciding that actual notice prior to the foreclosure sale is

sufficient to satisfy due process.

III.   Order to Show Cause Why Sanctions Should Not be Imposed Against

Plaintiffs' Counsel

Plaintiffs' counsel, Alejandro Mercado, has not only failed to prosecute

his claims against Defendant, but has also possibly engaged in practices in violation

of the Rules of this Court.

A.   Factual Background

As noted above, Plaintiffs filed the instant action in state court on May

7, 2013, the day of the scheduled foreclosure.  (Dkt. # 1 at 17 ¶ 8.)  Defendant

removed the instant action to Federal Court on May 20, 2013.  (Dkt. # 1 at 1–6.)

Defendant served Plaintiffs with its Notice of Removal on May 20, 2013, by

facsimile and U.S. Mail.  (Id. at 6.)

Eight days after Defendant filed a Notice of Removal (Dkt. # 1), the

Clerk of the Court for the Western District of Texas sent a letter to Plaintiffs'

counsel stating:

> Our records indicate that you are not admitted to practice
> in this Court.  Western District of Texas Local Court Rule AT-1(f)(1)
> states:
>
> > In General: An attorney who is licensed by the highest
> > court of a state or another federal district court, but who is
> > not admitted to practice before this court, may represent a
> > party in this court pro hac vice only by permission of the
> > judge presiding.  Unless excused by the judge presiding,
> > an attorney is ordinarily required to apply for admission to

15

the bar of this court.

If you are representing a party, please submit a motion requesting the Court's permission to appear in the above captioned case.  If you wish to file an application to be admitted in the Western District of Texas, the application forms and the Local Rules for the Western District of Texas are available on our website www.txwd.uscourts.gov.  If you are an attorney who maintains his or her office outside the Western District of Texas, the judge may require you to designate local counsel.  (Local Rule AT-2).

(Dkt. # 3.)  Plaintiffs' counsel did not respond.  Plaintiffs' counsel never sought pro hac vice status, nor applied for admission into the Western District of Texas.

On May 5, 2013, Defendant filed a Motion to Dismiss.  (Dkt. # 4.) Despite Local Rule 7(e) requiring that "[a]ny party opposing a motion shall file a response and supporting documents as then available," Plaintiffs' counsel did not file a Response.

On October 15, 2013, the Court issued an Order Setting Motion Hearing for Monday, October 28, 2013 at 10:00 a.m.  (Dkt. # 14.)  Because Plaintiffs' counsel was not registered for the Court's electronic filing system, the Clerk's Office sent a notice to Plaintiffs' counsel via U.S. Mail to inform him of the hearing.

A week prior to the hearing on Defendant's Motion to Dismiss, the Court's deputy clerk contacted Plaintiffs' counsel's law office to inquire as to whether Plaintiffs' counsel had been admitted to practice in the Western District of Texas.  The deputy clerk specifically advised the receptionist at Plaintiffs' counsel's

16

law office that a hearing on Defendant's Motion to Dismiss was set for October 28, 2013.  The deputy clerk provided a contact number for Plaintiffs' counsel to follow up regarding admission to the Western District of Texas.  Plaintiffs' counsel never responded.

On October 28, 2013, the Court held a hearing on Defendant's Motion to Dismiss.  Plaintiffs' counsel was not present.  At the hearing, Defendant's counsel informed the Court that Plaintiffs' counsel had not produced any discovery materials, despite Defendant's counsel's repeated requests to do so.  Defendant's counsel also contacted Plaintiffs' counsel to confer about drafting a proposed scheduling order as required by Federal Rule of Civil Procedure 26(f) and this Court's Order for Scheduling Recommendations (see Dkt. # 5 at 1–2), but Plaintiffs' counsel did not respond.  Likewise, Defendant's counsel noted that Plaintiffs' counsel never submitted a written offer of settlement as required by the Court's Order for Scheduling Recommendations (see id.).

B.    Legal Standard

The Court may exercise its inherent power to impose certain sanctions for "bad faith conduct" in litigation or "willful disobedience" of a court order. Roadway Express, Inc. v. Piper, 447 U.S. 752, 764–66 (1980); see also Chambers v. NASCO, Inc., 501 U.S. 32, 55 (1991) (finding that district courts have power to discipline members of the bar who willfully disobey a court order).  Local Rule AT-

7(e) also states that "any judge . . . has inherent authority to discipline an attorney who appears before him or her."  W.D. Tex. At. R. 7(e).

Although the Local Rules and the Court's inherent authority permit the Court to sanction Plaintiffs' counsel for failing to appear at the hearing and failing to comply with this Court's Order for Scheduling Recommendations, in an abundance of caution, the Court orders Plaintiffs' counsel to show cause why he should not be sanctioned.

CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss is **GRANTED**.  Additionally, Plaintiffs' counsel is hereby **ORDERED** to show cause within ten (10) days of the filing of this Order why sanctions should not be imposed. Because Plaintiffs' counsel is not registered with the Court's electronic court filing system and will thus not receive a copy of the Court's Order, **IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiffs' counsel by certified mail.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, October 29, 2013.

_____

David Alan Ezra
Senior United States Distict Judge